**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

CHARLIE McGOWAN                                                                                      PETITIONER

VS.                                                                                     CIVIL ACTION NO. 3:04cv447WS

WARDEN STREETER, et al.                                                                         RESPONDENTS

### ORDER

Petitioner was convicted of capital murder, three counts of armed robbery, and two counts of aggravated assault in the Circuit Court of Hinds County, Mississippi. He was sentenced to serve a term of life without parole, life, and four twenty-year terms, respectively. The Mississippi Supreme Court affirmed the petitioner's conviction and sentence on December 11, 1997. He declined to petition the United States Supreme Court for a writ of certiorari and his judgment became final on March 11, 1998.

The petitioner filed with this court on June 4, 2004 a petition for habeas corpus relief under Title 28 U.S.C. § 2254. The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for such petitions[1]. In

---

[1] Title 28 U.S.C, § 2244(d)(1) provides that, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

the instant case the one-year limitations period began to run on March 11, 1998. The petitioner had one year from that date, or until March 11, 1999, to file for federal habeas corpus relief. He failed to do so and his one-year limitations period expired on March 11, 1999. Consequently, the petition for habeas corpus relief now before this court, filed on June 4, 2004, is untimely. Based on these facts the United States Magistrate Judge recommended dismissal of the petition with prejudice. This court agreed and adopted the Report and Recommendation as its own Order on August 29, 2004. This court also held that a certificate of appealability should not issue since any appeal would be frivolous. The petitioner filed no notice of appeal.

On January 10, 2006, the petitioner asked this court for leave to file an appeal out of time. This court already has denied a certificate of appealability in this case, thus, the petitioner's request to appeal out–of-time [**Docket No. 32-1**] also is denied for the same reasons. *See Thomas v. Cain*, No. 04-30444 (5th Cir. 8-26-04) (denying a certificate of appealability on the district court's finding that a Louisiana inmate's § 2254 petition was time barred).

**SO ORDERED** this the 9th day of February, **2006.**

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO. 3:04cv447WS
Order

2